**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ISACC ALEJANDRO GUERRERO GUERRERO,<br>Petitioner,<br>v.<br>LUIS SOTO, *et al.*,<br>Respondents. | Civil Action No. 26-13810 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Isacc Alejandro Guerrero Guerrero's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed a letter answer. (ECF No. 4.) The Court considered the parties' submissions in support of and opposition to the letter seeking immediate release, and decides the issue without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and for good cause appearing, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a citizen of Mexico, initially unlawfully entered the United States without inspection in 2020. (ECF No. 4 at 1.) On February 8, 2020, Petitioner was arrested by immigration officials and was issued a Notice and Order of Expedited Removal. (*Id.*; ECF No. 4-2.) On the same date, Petitioner was issued an Expedited Order of Removal and Petitioner was removed from the United Stated on February 11, 2020. (ECF No. 4 at 1; ECF No. 4-2.)

Petitioner re-entered the United States at an unknown time. (ECF No. 4 at 1.) On October 21, 2026, Immigration Customs and Enforcement ("ICE") officials arrested Petitioner pursuant to

an I-205 Warrant of Removal. (*Id.*; ECF No. 4-3.) On the same date, Petitioner was served with a Notice of Intent/Decision to Reinstate Prior Order and has been detained under that final order of removal. (ECF No. 4-4.)

On October 23, 2026, Petitioner filed the Petition arguing his detention violates his due process rights. (*See generally* ECF No. 1.) Respondents filed an expedited responses arguing that Petitioner is lawfully detained based on his reinstated final order of removal under 8 U.S.C. § 1231(a). (ECF No. 4.) Petitioner did not reply.

## II. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. Decision

In the Petition, Petitioner argues he is unlawfully detained. (*See* ECF No. 1.) Respondents answered and argued that Petitioner is lawfully detained under a re-instated order of removal pursuant to 8 U.S.C. § 1231(a). (ECF No. 4.)

The record establishes that Petitioner is subject to a reinstated final order of removal. On February 8, 2020, Petitioner was issued a Notice and Order of Expedited Removal and was

subsequently removed from the United States. Petitioner unlawfully reentered the United States and in October 2026 his final order of removal was reinstated.

Based on the above, ICE reinstated Petitioner's final order of removal on October 21, 2026. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear that detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining that once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). Petitioner was taken into custody on October 21, 2026. As a result, Petitioner's detention is still within the 90-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

## IV. Conclusion

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED** without prejudice. An appropriate order follows.

**Date:** November 17, 2026

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**